# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HAROLD CAGE,

          CASE NO. 09-CV-14834

*Plaintiff*,

          DISTRICT JUDGE BERNARD A. FRIEDMAN

*v*.          MAGISTRATE JUDGE CHARLES E. BINDER

PEOPLE OF THE STATE OF
MICHIGAN, *et al.*,

        *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO THE PRISON LITIGATION REFORM ACT

### I.    RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be **DENIED** pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and that Plaintiff be given 30 days to submit the entire filing fee or suffer dismissal without prejudice of his case.

### II.    REPORT

#### A.    Introduction

Plaintiff is a prisoner who is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Plaintiff filed this *pro se* Prisoner Civil Rights Complaint and Application to Proceed Without Prepayment of Fees on December 14, 2009, alleging that his rights were violated by the People of the State of Michigan, the County and City of Saginaw, three Saginaw judges, three attorneys, and one assistant prosecutor. The case was referred to the undersigned magistrate judge for pretrial case management on December 16, 2009. After reviewing Plaintiff's pending Application to Proceed Without Prepayment of Fees and Plaintiff's

litigation history, I conclude that a report and recommendation recommending the denial of Plaintiff's application is warranted.

### B.     Three Strikes Law

The Prison Litigation Reform Act ("PLRA") was enacted on April 26, 1996. It contains the following paragraph, which is commonly known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 Fed. App'x 898, 899 (6th Cir. 2004). *See also Peeples v. Bradshaw,* 110 Fed. App'x 590 (6th Cir. 2004) (same); *Wallace v. Franklin*, 66 Fed. App'x 546, 547 (6th Cir. 2003) (same). This district's procedure, therefore, is to screen all prisoner complaints for "three strikes" immediately upon filing so as not to expend valuable resources on a case where the court has no authority to act. When determining whether a plaintiff has three prior cases that qualify as "strikes," the court must keep in mind that "[d]ismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). If three strikes are found, the court must then deny plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee. *Id.* at 602-04.

**C.     Discussion**

Plaintiff Cage is not new to federal court. In fact, in a case he filed in the Western District of Michigan in 2007, the court stated as follows:

> Plaintiff has been an active litigant in the federal courts in Michigan. This Court has dismissed at least three of Plaintiff's actions as frivolous. *See Cage v. Kent County Jail*, No. 1:95-cv-179 (W.D. Mich. Sept. 14, 1995); *Cage v. Kent County Corr. Facility et al.*, No. 5:95-cv-106 (W.D. Mich. Aug. 28, 1995); *Cage v. Kent County Corr. Facility et al.*, No. 1:95-cv-433 (W.D. Mich. Aug. 14, 1995). Although these dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604.

*Cage v. Brown*, No. 4:06-cv-144, 2007 WL 118911, at *2 (W.D. Mich. Jan. 10, 2007).

Consequently, Plaintiff has three strikes and cannot proceed without prepayment of the filing fee in this case unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury must exist at the time the complaint is filed. *Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Id*. Plaintiff Cage's complaint in this case does not allege any facts establishing that he is under imminent danger of serious physical injury.

Therefore, because Plaintiff attained three strikes prior to filing this case, I suggest that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be instructed to pay the $350 civil case filing fee within 30 days or suffer the dismissal of his case.

**III.   REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  FED. R. CIV. P. 72(b)(2).  *See also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                              s/ *Charles E. Binder*
                              CHARLES E. BINDER
Dated: January 4, 2010          United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Harold Cage, #244367, at G. Robert Cotton Correctional Facility, 3500 N. Elm Rd., Jackson, MI, 49201-8887, and served on District Judge Friedman in the traditional manner.

Date:  January 4, 2010        By    s/*Jean L. Broucek*
                                            Case Manager to Magistrate Judge Binder

4